(87 Misc. Rep. 629)

### ROBERT v. ROBERT.

(Supreme Court, Special Term, New York County. November 24, 1914.)

MARRIAGE (§ 58*)—ANNULMENT—GROUNDS—FRAUD.

Where plaintiff was induced to marry defendant by his representations that they would put their money together and buy a hotel, and it appeared that defendant had never had any intention of carrying out his declared intentions, the marriage may be annulled for fraud; a misrepresentation as to intention being a misrepresentation as to a fact.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115–123; Dec. Dig. § 58.*]

Action by Lena Robert against Otto H. Robert for the annulment of a marriage upon the ground of fraud. Judgment for plaintiff.

Herman Weiss, of New York City, for plaintiff.

BLANCHARD, J. This is an action for the annulment of a marriage. No defense is offered, and the only question, therefore, to be determined, is whether the proof offered by the plaintiff in support of her contention that she was fraudulently induced to marry the defendant is sufficient in law to warrant the court in granting a decree.

Plaintiff was engaged in domestic service. During her employment she met the defendant. In the course of their acquaintance it developed that she possessed some $1,100, saved out of her earnings. The defendant, as she testifies, said to her that if she would give him her savings he would marry her, and that with her money and money of his own he would buy a hotel and go into business. She further testified that she was induced by this representation to enter into the marriage, that she relied upon it, and that she would not have married the defendant unless she had believed that such was his intention. Two days after the marriage the defendant took her to Paterson, N. J., and there showed her a hotel which he represented to her was for sale and which could be purchased for $7,000. After discussion it was agreed that the premises should be purchased. She accordingly gave her savings to the defendant, upon the representation that $1,000 was to be paid on account of the purchase price. The defendant took the money and departed, and up to the date of this trial she has not seen him nor learned of his whereabouts.

In Di Lorenzo v. Di Lorenzo, 174 N. Y. 467, 67 N. E. 63, 63 L. R. A. 92, 95 Am. St. Rep. 609, which was an action for the annulment of a marriage upon the ground of fraud, Judge Gray, writing for the court, said:

"The free and full consent, which is of the essence of all ordinary contracts, is expressly made by the statute necessary to the validity of the marriage

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract. The minds of the parties must meet in one intention. It is a general rule that every misrepresentation of a material fact, made with the intention to induce another to enter into an agreement and without which he would not have done so, justifies the court in vacating the agreement. It is obvious that no one would obligate himself by a contract if he knew that a material representation, entering into the reason for his consent, was untrue. There is no valid reason for excepting the marriage contract from the general rule."

As I view this case the right of consortium, with all its attendant obligations and responsibilities, did not alone measure the terms of the contract. There was, in addition, an agreement to merge the resources of the parties and therewith to undertake a definite and fixed end, and this, the plaintiff testified, was an inducing and material cause which led her to enter into the contract. The conduct of the defendant leaves no doubt in my mind that he never had the slightest intention at any time of fulfilling his portion of this agreement, but rather that he intended to defraud the plaintiff of her money, and entered into the contract of marriage in order to further that end. While it may be argued that his representations before marriage were statements of intention rather than statements of fact, nevertheless misstatements of intention which are material may, for the purpose of voiding contracts on the ground of fraud, be regarded as misstatements of fact. Adams v. Gillig, 199 N. Y. 314, 92 N. E. 670, 32 L. R. A. (N. S.) 127, 20 Ann. Cas. 910.

From the foregoing it follows that judgment must be awarded to the plaintiff. Decision and judgment signed.